UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:22-cv-00420-SEB-DML |
| | ) |
| SEVIER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING ISSUANCE OF PROCESS**

Charles Taylor alleges that several correctional officials have violated his constitutional rights as an inmate at New Castle Correctional Facility (NCCF). Because Mr. Taylor is a prisoner, the Court must screen his amended complaint. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

At screening, the court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court construes the pro se complaint liberally and holds it to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. The Amended Complaint

Mr. Taylor asserts claims for damages and injunctive relief against four defendants at NCCF: Warden Mark Sevier, Mr. T. Terrel, Lieutenant Sexton, and Officer Cooley.

Much of the complaint is incoherent. For example:

> Please clerk recognize these allegation Warden Mr. Mark Sevier violated my rights by not investigating whether and/or not I were his entity and/or not. Mr. Mark Sevier did this upon my arrival back too his NCCF:NCP:MHU. I am lead to believe this happened because of some past history things and they took things personnel.

Dkt. 17 at 2 (errors in original).

Mr. Taylor alleges that Mr. Terrell forced him to remain in a mental health unit "in very poorly [*sic*] conditions" but does not clarify what those conditions were. Dkt. 17 at 3. Mr. Taylor states that he suffered numerous medical conditions, including heart disease, a pinched nerve, a skull fracture, and a dislocated hip, but he does not explain how those conditions came about or allege that Mr. Taylor was responsible for mistreating them. *Id.* Mr. Taylor states that something "took place because of the content of [his] skin," but he does not identify the discriminatory action.

Mr. Taylor alleges that he was removed from a physical therapy program after stating that he could walk, and he appears to allege that Lieutenant Sexton was somehow involved in this decision. *Id.* However, Mr. Taylor does not describe his condition at the time or how he was adversely affected by being removed from physical therapy.

Finally, Mr. Taylor alleges that Officer Cooley entered his cell in the mental health unit and "penetrated [him] orally and physically" in early April of 2022. *Id.*

For injunctive relief, Mr. Taylor asks the Court to order the defendants to "stay away" from him. Dkt. 17 at 5.

### III. Discussion of Claims

This action **will proceed** with an Eighth Amendment claim for damages and injunctive relief against Officer Cooley pursuant to 42 U.S.C. § 1983. All other claims are **dismissed** for **failure to state a claim** upon which relief may be granted.

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Moreover, defendants may be liable under § 1983 only for their own actions. *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly."); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation.") (internal quotation omitted).

The complaint asserts clear allegations against Officer Cooley. Many allegations against the other defendants are not understandable. The few remaining allegations that are understandable fail to provide enough information to support plausible, non-speculative claims. For example, Mr. Taylor's allegations that he was confined under "poorly" conditions do not support a reasonable inference that he was deprived "of the minimal civilized measure of life's necessities." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Likewise, allegations that Mr. Taylor suffered from serious medical conditions are not allegations that the defendants *caused* his injuries, worsened them, or prevented his recovery. Accordingly, the action cannot proceed with claims based on these allegations.

### IV. Conclusion and Issuance of Process

The action **will proceed** with an Eighth Amendment claim for damages and injunctive relief against Officer Cooley as discussed in Part III. All other claims are **dismissed** for **failure to state a claim** upon which relief may be granted.

The **clerk is directed** to **terminate** all defendants from the docket except Officer Cooley.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Fed. R. Civ. P. 4(d). Process will consist of the amended complaint (dkt. [17]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this entry.

**IT IS SO ORDERED.**

Date: 8/1/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES TAYLOR
494511
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Officer Cooley
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362